**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF SOUTH DAKOTA**

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA  57501-2463**

**IRVIN N. HOYT**                                                                                 **TELEPHONE (605) 224-0560**
**BANKRUPTCY JUDGE**                                                                **FAX (605) 224-9020**

February 21, 2007

John E. Harmelink, Esq.
Counsel for Plaintiffs-Debtors
Post Office Box 18
Yankton, South Dakota  57078

William J. Klimisch, Esq.
Counsel for Defendant
Post Office Box 708
Yankton, South Dakota  57078

     Subject:  *Antonio M. Aguirre, Sr., and Kelli D. Aguirre v. Fullerton Lumber Company, Inc. (In re Aguirre)*,
                Adversary Proceeding No. 06-4048;
                Chapter 7, Bankr. No. 01-40161

Dear Counsel:

     The matter before the Court is a complaint by Plaintiffs-Debtors Antonio M. Aguirre, Sr., and Kelli D. Aguirre against Fullerton Lumber Company, Inc., seeking a determination that the Lumber Company's mechanics' lien is avoidable.  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052.  As set forth below, summary judgment will be entered for Defendant Fullerton Lumber Company, Inc.

     *Summary*.  Antonio M. Aguirre, Sr., and Kelli D. Aguirre filed a Chapter 13 petition in bankruptcy on February 23, 2001.  Among their assets they scheduled a house in Yankton, South Dakota, which they declared exempt as their homestead.  Debtors valued the home at $40,000.00 and stated the secured claims against it totaled $48,088.11.  They scheduled the value of their homestead exemption as "unknown."[1]

---

    [1]  In their brief, Debtors stated the value of their home on the petition date was $40,000.00 and the first mortgage against the property was only $33,346.83.  They thus argued they had a homestead exemption of $6,653.17 on the petition date.

In re Aquirre
February 21, 2007
Page 2


Debtors' Chapter 13 plan was confirmed on April 26, 2001. While facing a dismissal motion by the Chapter 13 trustee arising from their failure to make plan payments, Debtors voluntarily converted their Chapter 13 case to a Chapter 7 case on November 20, 2001. Although the Chapter 7 trustee objected to Debtors' claimed exemptions in certain personal property, no party in interest timely objected to Debtors' claimed homestead exemption. The case trustee distributed assets, and the case was closed on September 27, 2004.

On August 4, 2005, Debtors moved to reopen their case so the Bankruptcy Court could determine whether a mechanics' lien held by Fullerton Lumber Company ("Fullerton Lumber") impairs Debtors' homestead exemption. The case was reopened.

Debtors commenced an adversary complaint against Fullerton Lumber. They stated their general contractor, who was hired to repair their home following a fire in July 2000, purchased materials from Fullerton Lumber but did not pay the bill after receiving funds from both Debtors and Debtors' insurance company. Debtors further allege Fullerton Lumber filed a mechanics' lien on their home on September 21, 2001, which was after they sought Chapter 13 relief but before they converted their case to Chapter 7. Debtors further stated they amended their bankruptcy schedules on March 25, 2002, to add Fullerton Lumber as a creditor holding a general unsecured claim for $9,938.88. Debtors allege they asked Fullerton Lumber several times to satisfy its mechanics' lien but Fullerton Lumber has refused to do so. Debtors further allege Fullerton Lumber's lien impairs their homestead exemption because there is equity of less than $30,000 and the lien constitutes an avoidable transfer under 11 U.S.C. §§ 502, 506, 547 and "SDCL 43."

Fullerton Lumber timely answered. It argued its lien is not avoidable and affirmatively stated S.D.C.L. § 43-45-8 provides "an exemption is not permitted for construction costs."

A pre-trial conference was held June 13, 2006. The parties stated they would file cross-motions for summary judgment, stipulated facts and issues, and briefs. The Court did not receive any cross-motions, and so must presume that is what the parties intended. The parties' only stipulated issue was whether Fullerton Lumber's mechanics lien "under these facts is discharged by the bankruptcy."

According to the parties stipulated facts, Fullerton Lumber furnished materials to Debtors' contractor for the reconstruction

In re Aquirre
February 21, 2007
Page 3


of Debtors' home from April 19, 2001 to June 27, 2001. Fullerton Lumber filed its mechanics' lien on September 24, 2001 for $9,938.88 plus accruing interest.

In its briefs, Debtors argued a mechanics' lien can only attach to equity in a debtor's home in excess of the allowed $30,000 homestead exemption. They cite S.D.C.L. §§ 43-31-1 and 43-45-3 in support of this argument. Debtors acknowledged a lien may be imposed for the original construction of a home, but argued Fullerton Lumber's lumber and supplies were not used in the original construction, just for the repairs following the July 2000 fire and the addition of a laundry room. They argued,

> Except for minimal purchases of materials to add a laundry room, none of the materials and supplies were used in the original erection and construction of the debtor's fire damaged homestead. The debtors homestead exemption is at all times and under all circumstances not subject to a lien, a judgment or levy and sale under execution except for purchase money. In RE Maiden Mills, Inc., 35 B.R. 71 and Langley v. Daly, 1 S.D. 257, 46 NW 247 (1890).

[Underscore in the original.]

In its brief, Fullerton Lumber argued Debtors' home had only salvage value after the fire, and it thus equated the reconstruction to new construction. Fullerton Lumber further argued S.D.C.L. § 43-45-8 prohibits a homestead exemption claim against materials furnished in the original erection and construction of a building. Fullerton Lumber did not cite any state court decisions in support of its theory.

*Discussion*. When Debtors' petition was filed on February 23, 2001, the automatic stay went into effect. 11 U.S.C. § 362(a). With few exceptions, *see, e.g.*, 11 U.S.C. § 362(b)(3), the stay prohibited any creditor from placing a lien on property of the bankruptcy estate. Debtors' homestead remained property of the bankruptcy estate until the time for objections to Debtors' claimed exemptions passed,[2] which was on April 30, 2001. Fed.R.Bankr.P.

---

[2] Because no timely objection to exemptions was filed, the equity in the home became exempt up to the statutory allowance of $30,000 although Debtors' valued their exemption at "unknown." *See Taylor v. Freeland & Kronz*, 503 U.S. 638, 642-44 (1992), and *Stoebner v. Wick (In re Wick)*, 276 F.3d 412, 416 (8th Cir. 2002).

In re Aquirre
February 21, 2007
Page 4


4003(b). Thereafter, the home was no longer protected by the automatic stay. Thus, when Fullerton Lumber filed its mechanics' lien on September 21, 2001, the house was not property of the bankruptcy estate, and the automatic stay was not in place with respect to that house.

The Bankruptcy Code, however, does offer some special protections for exempt property. Exempt property is not liable for any pre-petition debt. 11 U.S.C. § 522(c). There are some exceptions, including exempt property that is subject to an unavoidable lien. 11 U.S.C. § 522(c)(2)(A)(i).

Debtors cited 11 U.S.C. § 547 as the statutory basis for avoiding Fullerton Lumber's lien. That statute, however, applies only to pre-petition transfers. Here, Fullerton Lumber's lien, and indeed all of its underlying claim, arose post-petition but pre-conversion.[3] Further, 11 U.S.C. § 348 did not turn the conversion date into a new petition date for purposes of applying § 547(b)(4). *See Berquist v. Vista Development, Inc. (In re Quality Pointiac Buick GMC Truck, Inc.)*, 222 B.R. 865 (Bankr. D. Minn. 1998)(conversion of case from Chapter 11 to Chapter 7 does not create a new window for bringing a preference action under § 547).

In addition to § 547, Debtors also cited 11 U.S.C. §§ 502 and 506 in their complaint as grounds for avoiding Fullerton Lumber's lien. While § 502 governs the allowance of claims against the bankruptcy estate, it is not relevant here because Fullerton Lumber did not file a proof of claim.[4] Section 506 governs the determination of a creditor's secured status on an allowed claim.

---

*Compare Soost v. NAH, Inc. (In re Soost)*, 262 B.R. 68 (B.A.P. 8th Cir. 2001) (an exemption valued at $1.00 limits the debtor's interest to only $1.00; any value in the property over $1.00 remains property of the bankruptcy estate). Ideally, an objection should have been filed to make Debtors' homestead exemption value of "unknown" so Debtors would have been required to clarify the value of their claimed homestead exemption.

[3] Under 11 U.S.C. § 348(d), any personal liability Debtors may have had for the building supplies purchased by their contractor from Fullerton Lumber became a pre-petition claim against Debtors' bankruptcy estate upon conversion of their case from Chapter 13 to Chapter 7. That personal liability, if any, has been discharged. 11 U.S.C. § 727(b).

[4] The deadline to timely file a proof of claim was November 25, 2002. Fullerton Lumber was served with the notice setting forth that deadline.

In re Aquirre
February 21, 2007
Page 5


Since Fullerton Lumber did not file any claim and since Debtors' homestead is no longer property of the estate, § 506 also is not relevant.

While it was incumbent upon Debtors to identify any and all Bankruptcy Code sections that might have afforded them relief from Fullerton Lumber's mechanics' lien, the Court also reviewed the Bankruptcy Code for other applicable provisions. It found only two, §§ 549(a) and 522(f).

Section 549(a) allows for the avoidance of certain post-petition liens. For that "strong-arm" statute to apply, the subject property must be property of the estate. As noted above, Debtors' homestead has not been property of the estate since April 30, 2001.

Section 522(f) allows a debtor to avoid certain liens on exempt property. However, according to the parties' stipulated facts, Fullerton Lumber does not hold a judgment lien on their homestead or a non purchase money security interest in the specific personalty protected by that code section. *See* 11 U.S.C. §§ 522(f)(1)(A) and 522(f)(1)(B).

Summary judgment will be entered for Defendant Fullerton Lumber. Whether Fullerton Lumber has a valid mechanics' lien on Debtors' homestead in light of S.D.C.L. § 43-45-8 will have to be determined in state court.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC:  case file (correspondence)

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota